CHARLES E. BELKNAP v. THE BOARD OF STATE CANVASSERS.

[See 94 Mich. 516.]

*Elections—Returns—Duty of Board of State Canvassers.*

1. Where the Board of State Canvassers canvass the vote for an office from the returns before them, some of which are afterwards declared invalid, and valid ones made and returned after their successors have entered upon their duties, it is the duty of the new Board of State Canvassers to canvass the new returns.

2. How. Stat. § 130, which provides for the consolidation of the reports of the district inspectors of election, in townships containing two or more election districts, by the board of inspectors of district number one, is superseded, so far as relates to the manner of the return by inspectors, by the election law of 1891.

3. The election law of 1891 makes no provision for the consolidation of the reports of the district inspectors of election where a township is divided into two or more election districts, and in canvassing the returns from such a township for the office of Congressman the board of county canvassers should canvass the returns from such election districts as certified by the inspectors of election of such districts.

*Mandamus.*     Argued   February   14,   1893.     Granted
March 10, 1893.

Relator applied for *mandamus* to compel respondent to
canvass the returns now on file of the vote for the office
of Congressman, and to issue a certificate of election
accordingly.

*Taggart, Wolcott & Ganson,* for relator.

*L. B. Gardner* and *W. A. Fraser,* for respondent.

PER CURIAM. ' Relator was a candidate for Representative
in Congress at the election held in November last. Upon
the returns made to the State Board of Canvassers as then
constituted the certificate of election was delivered to his
opponent. On January 1, 1893, the State officers consti-
tuting said State Board of Canvassers retired from office,
and the newly-elected State officers entered upon the duties
of their respective offices. Upon application made by relator
to this Court, a *mandamus* issued to the board of county
canvassers of Ionia county, requiring that board to recon-
vene, and recanvass the returns of the votes of that county
for Congressman, and report the result to the Secretary of
State. *Belknap v. Board of Canvassers,* 94 Mich. 516.
That recanvass has been had, and the result thereof has
been reported to the present Secretary of State. From
the return so made it appears that the committee of the
board of canvassers of the county of Ionia appointed to
tabulate the returns reported such tabulation, from which
it appeared that the total number of votes cast for relator
was 4,281, and the total number cast for relator's opponent
was 4,004; but said committee also reported that included
in said tabulated statement was the vote of each of the
two voting precincts in the township of Lyons, in said
county; that the vote of said township had not been con-
solidated according to law; and that the return from district

No. 2 of that township was not certified by the inspectors of district No. 1. A resolution was then offered, which was adopted, deducting from the report of said committee the vote of the said second district of the said township of Lyons. The entire proceedings of the board, together with the report of the aforesaid committee, were returned to the Secretary of State. The certificate of the chairman and clerk of said board, however, ignores such deduction, and returns the total vote as shown by the tabulated statement of the special committee aforesaid. Relator now asks that the present Board of State Canvassers may be directed to convene and canvass the returns as they now appear, and that they may be further directed to include in such canvass the vote cast in the second precinct of the township of Lyons.

We think the case must be treated as though the returns had not been received until the present State officers had entered upon their duties. Certain State officers *ex officio* constitute the board of canvassers. The old board neglected no duty. They canvassed the returns which were before them, and certain of the returns so canvassed were held to be invalid. It is the duty of the present State officers constituting the Board of Canvassers to canvass the returns as now presented.

Upon the second question presented, the certificate of the chairman and clerk of the board of county canvassers is in due form. This, if unimpeached, would be sufficient for the board to act upon; but the return shows that a resolution was adopted to exclude the vote of the second precinct of Lyons township on the ground that it was not certified as required by section 130, How. Stat., the board assuming that that section controlled. It is at least doubtful whether the force of this resolution is not overcome by the subsequent vote adopting the tabulated statement made by the committee, which included the vote of both

precincts.  Furthermore, if section 130 applies at all, it applies to both districts alike.  But we think, as applied to the present case, section 130 was, so far as it relates to the manner of the return by inspectors, superseded by Act No. 190, Laws of 1891.  Section 1 of that act provides that in elections for certain officers, including members of Congress, the supervisor, two justices, township clerk, and assessor, if there be one, shall be inspectors of election; "*provided,* that in all voting precincts where, by special enactment, provisions exist for designating inspectors of election, said provisions are not to be superseded, but such officers shall be the inspectors of election under this act." The provisions of the general law are therefore adopted in elections for members of Congress, etc., only so far as they relate to the designation of inspectors, but their duties are defined by the provisions of Act No. 190, Laws of 1891.  Section 38 of that act is as follows:

"After the count of the tickets or ballots has been completed, the result shall be immediately publicly declared, and the number of votes received by each candidate or person on the ticket shall be publicly declared by one of the inspectors.  The inspectors shall then prepare a statement of the result in duplicate, showing the whole number of votes for each office, the names of the persons for which such votes were given, and the number each person received.  Such statement, when certified by the inspectors, and duly signed, shall be delivered, one copy to the township clerk, to be filed by him in his office, and the other to the inspector appointed by the board to attend the county canvass."

The act makes no provision for the consolidation of the returns from two or more precincts in a township.  There is no object in such consolidation, except in cases where an election is held for township officers, and there is no provision for a canvassing board as distinct from the board of election inspectors.

The board will therefore be directed to include in their

canvass the votes of both districts of the said township of Lyons.

A *mandamus* will issue accordingly, but without costs.

HOOKER, C. J., took no part in the decision.